## AUGUST KRUG

v.

## OLIVER OUTHOUSE ET AL.

STATUTE OF LIMITATIONS.—At the time the trespass complained of was committed, the statute limiting rights of action in such cases was five years. The statute began to run from the time the trespass was committed, and five years having elapsed before this suit was begun, the cause of action was barred.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 7, 1881.

Mr. M. SHAEFFER, for appellant.

Messrs. MURRAY & ANDREWS, for appellees; that the right of action was barred, cited Reese v. Mitchell, 41 Ill. 365.

As to the time when the cause of action accrues: Faulds v. The People, 66 Ill. 210; Norris v. The Hundred, Hob. 139.

PER CURIAM. We see no error in the judgment of the circuit court in this case. The instruction was properly given on the part of the defendants. The trespass was committed on the 21st of June, 1873. Suit was begun on the 21st of June, 1878. The defense was the general issue and Statute of Limitations. The statute then and now in force, required that the action should be brought in five years from the time of the commission of the trespass, and the statute began to run from the time the right of action accrued. The right of action ac-

crued on the 21st day of June, 1873. The 21st day of June, 1878, was one day more than five years, and the right to prosecute this suit was barred. Item 11, Sec. one, Chap. 131 of Underwood's Statutes, referred to by counsel for appellant, is not applicable to this case, because it was enacted subsequent to the commission of the trespass; and because section 4 of the same chapter provides that "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment, incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect," etc.

The judgment of the circuit court is affirmed.

Judgment affirmed.