# Frank Waller

## v.

## The City of Chicago.

Injuries to children—Parent's right of action—Limitation of action.—In the case of a parent suing for the loss of service of his child and expenses of caring for the same, where the injury was caused by the negligence of another, the gist of the action is not the injury, but the consequence of such injury whereby the parent lost the service of the child. Hence the statute limiting rights of action in cases of personal injury to two years, does not apply.

Error to the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed July 25, 1882.

Messrs. Brandt & Hoffman, for plaintiff in error, cited Hazell v. Shelby, 11 Ill. 9.

Mr. Clarence A. Knight, for defendant in error; that the action is barred, cited Fawlkes v. N. & D. R. R. Co. 5 Baxter, 663; Pitter v. S. Pac. R. R. Co. 52 Cal. 42; Emmet v. Grill, 39 Iowa, 691; Sherman v. Western Stage Co. 22 Iowa, 556; Noul v. R. R. Co. 37 Iowa, 499.

McAllister, J.    This was an action on the case brought in the court below by Waller, as plaintiff, against the defendant, the City of Chicago, to recover from the latter, compensation for the loss of service, and for expenses and trouble incurred in consequence of an injury to the plaintiff's minor daughter, received April 27,1877, by and through the negligence of the defendant in respect to one of its public streets, whereby such child was permanently injured in one of its limbs, and so rendered incapable of rendering service for plaintiff. This action was brought November 5, 1879, and the defendant, with the plea of general issue, filed a plea of the statute of limitations under section fourteen which provides that: " Actions for damages for an injury to the person * * * shall be commenced within two years next after the cause of action ac-

crued." To that plea the defendant demurred; but the court overruled the demurrer, the plaintiff elected to abide by his demurrer, whereupon judgment *nil capiat* went against plaintiff, upon which he brings error to this court.

The question in the case is, as to the sufficiency of such plea of the statute of limitations; its solution depends upon the further question whether this action belongs to the class, as respects its cause, gravamen, or gist, which is defined, "actions for damages for an injury to the person." It seems to us, that in order to come fairly within that definition, the damages sued for must not only have accrued to the party plaintiff, but they must have been suffered on account of an injury to his person, or that of his intestate; that the injury must have been one affecting the bodily organization of the plaintiff, or his intestate. Cooley on Torts, 160. If the injury or wrong be only to the property of the plaintiff, or be one affecting only property rights of the party suing, then it is not a case within, or governed by, that provision of the statute. Is not this action clearly of the latter class? Upon the happening of the injury to the child in question, through the negligence of the defendant, a cause of action immediately accrued to such child as an individual to recover damages for an injury to her person, and an action thereupon would fall directly within the provision of the statute under consideration. Leroy v. The City of Springfield, 81 Ills. 114.

By the same occurrence a cause of action might accrue to the plaintiff in his character of parent of the injured child. But, as we shall presently show, such cause of action would not necessarily accrue from the mere facts of the negligence of the defendant and a personal injury to the child as a consequence.

At common law, as administered in England, and in most of the States in this country, it would be indispensable to a cause of action in favor of the plaintiff, as father, that there should have been some loss of the service of his child, as a consequence of the injury. "An action does not lie by a master for beating his servant, nor by a father for beating his child unless it be added *per quod servitium amisit*." 1 Comyns's Dig. Tit. Action on the case. B. 1, p. 180.

Chitty says: " If from its extreme youth, no service could be rendered by the child, the parent can not sue for a personal injury inflicted upon the child; the father not having necessarily incurred any expense upon the occasion." 1 Chit. Pl. * p. 61.

It seems now to be the settled law in England, that if the child be of such tender years as to be incapable of rendering any service, the father can not recover even the expenses necessarily incurred in and about its care and cure. Hall v. Hollander, 7 D. & Ry. 133 S. C. 4 B. & C. 660; Eager v. Grimshaw, 1 Welsb. H. & G. 61; Grunnell v. Wells, 7 Man. & G. 1033; Addison on Torts, 907.

In his admirable work on Torts, Judge Cooley says: " The injury which one may suffer in the relation of parent, seems, at the common law, to be limited to an action for the recovery of damages for being deprived of the child's service. The action is therefore planted rather upon a loss in the character of the master of a servant." Cooley on Torts, 228.

It follows from that view of the law, that in actions like the present one, the negligence or original wrong resulting in the injury to the person of the child, is not the cause of action, but it is the loss of service.

In Mary's Case, 9 Coke * 113, this doctrine is distinctly affirmed: " And therefore if my servant is beat, the master shall not have an action for this battery, unless the battery is so great, that by reason thereof he loses the services of his servant; but the servant himself for every small battery shall have an action; and the reason of the difference is, that the master has not any damage by the personal beating of his servant, but by reason of a *per quod servitium amisit;* so that the original act is not the cause of his action, but the consequent upon it, viz.: the loss of his service is the cause of his action."

So in Irwin v. Dearman, 11 East, 23, Lord Ellenborough, said: " But even in the case of an actual parent the loss of his service is the legal foundation of the action." Many of the cases referred to were actions for seduction of plaintiff's daughter which have always been regarded as *sui generis;* but the English courts have made no distinction between such actions, and those for an injury inflicted upon a male child.

The Supreme Court of Massachusetts, in a very well considered case, has drawn a distinction between the two classes of cases, which seems to be well founded, and held; that if the child be a member of the father's family, that, if the father, being bound for the care and support of the child, has been necessarily subjected to trouble and expense by reason of a wrongful injury to such child, and such injury was inflicted upon the child under such circumstances as would give the latter a right of action against such wrong-doer, then the father may maintain an action for such trouble and expense to which he was so subjected although the child was of such tender years as to be incapable of rendering any service: Dennis v. Clark, 2 Cush. 347. A similar view of the law was taken in Durden v. Barnett, 7 Ala. 169. We are not now concerned with the question whether this seeming departure from the common law rule is based upon sound reasons or not; because, if based upon right reason, it would nevertheless follow that such expenses necessarily incurred and trouble imposed would constitute the cause of action, and not the original wrong and personal injury to the child. So that, whether the gravamen of the action be the loss of service, or expenses necessarily incurred, or both, then, if law has not altogether ceased to be a science, the injury in such case is not to the person of the plaintiff but to his property. That it is in no respect an injury to the person of the plaintiff is illustrated by the case of Cowden v. Wright, 24 Wend. 429, where the view we have taken of the nature of this action was emphasized, the court holding that it was not competent in this kind of action, for the jury to take into consideration, as an element of damages, the wounded feelings of the parent. We are of opinion that this action was not subject to the limitation of said fourteenth section, but is governed by the fifteenth, which prescribes the limitation of five years; that, therefore, the court erred in overruling plaintiff's demurrer, for which the judgment must be reversed, and cause remanded.

Reversed and remanded.