## William H. Roth, Appellee, v. Emil Lundin and Marie Lundin, Appellants.

### Gen. No. 29,767.

1. HIGHWAYS AND STREETS—*right of way at street intersections.* Where two automobiles are approaching a crossing from different directions, the one reaching the crossing first has. the right of way.

2. LIMITATIONS OF ACTIONS—*limitation on husband's action to recover amount paid for medical services for wife.* An action by a husband to recover the amount paid for doctor's bills in curing his wife of injuries sustained in an automobile accident, held not within section 14 of the Limitations Act, Cahill's St. ch. 83, ¶ 15, requiring actions for injuries to the person to be brought within two years, but that it was governed by section 15 of the Act, Cahill's St. ch. 83, ¶ 16, and might be commenced within five years after the action accrued.

3. LIMITATIONS OF ACTIONS—*computation of period of limitations.* In actions for personal injuries required to be brought within two years, the first day is to be excluded and the last included, unless the last day is Sunday; and therefore an action brought by a husband to recover the expense of repairs to his automobile, and doctor's bills paid in curing his wife of injuries sustained in the accident, commenced June 19, 1923, was held to have been brought within the two-year-statute of limitations, where the accident occurred June 19, 1921, even if it could be said that an action for the recovery of the doctor's bill must be brought within two years instead of five.

Appeal by defendants from the Municipal Court of Chicago; the Hon. WILLIAM E. VINER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 9, 1925.

FRANK H. LENNARDS, for appellants.

JOHN E. CRAHEN, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On June 19, 1923, plaintiff brought suit in the municipal court of Chicago against defendants to recover damages resulting from the collision of their respec-

tive automobiles on the afternoon of June 19, 1921, at the intersection of Wilson and Winchester avenues, Chicago. In defendants' affidavit of merits they denied all the material allegations of plaintiff's statement of claim as to defendants' negligence, and as to the expense incurred by plaintiff in the repair of his automobile and for the services of a physician in the treatment of plaintiff's wife for personal injuries sustained. As a further defense defendants set up the statute of limitations of two years as to the physician's services. On the trial without a jury the court ruled against defendants on the question of the statute of limitations, found the issues in plaintiff's favor and assessed his damages at the sum of $533 in tort. This amount was arrived at by allowing him for payments made for the towing of his car, $25; for a new Ford sedan top at the then fixed price in Chicago for such tops, $333,—it being sufficiently shown that the old top was so damaged by the collision and the upsetting of the car that repairs on the old top were impracticable; and for said physician's services, $175. Judgment was entered on the finding against defendants for $533 and they appealed.

Defendants' counsel contends that the finding and judgment are manifestly against the weight of the evidence on the question of defendants' liability, that the damages as assessed are excessive, and that the court committed reversible error in admitting over objection certain incompetent evidence offered by plaintiff. After an examination of the present record we cannot agree with any of these contentions. We think it clearly appears that the collision was the result of the negligence of defendants and without contributory negligence on the part of plaintiff, or his minor son, who was driving plaintiff's car at the time and in which were seated plaintiff, his wife and daughter. Defendants were in their car, purchased with their joint funds, and traveling northward in Winchester avenue at an excessive rate of speed ap-

proaching Wilson avenue, with Mrs. Lundin at the wheel. Plaintiff's car was traveling westward on Wilson avenue and just as it reached Winchester had slowed down to a speed of less than 12 miles per hour. It reached the intersection first and had the right of way. Defendants' car continued to move forward at an excessive rate of speed, and it struck plaintiff's car, at a point west of the center of Winchester avenue, with such force as to cause the latter car to turn over, resulting in its top being practically wrecked and in such serious injuries to plaintiff's wife that she lost three fingers of her right hand. She was taken to a hospital. The physician's bill in question was for services in treating her for the injuries.

Defendants' counsel also contends that as the accident occurred on June 19, 1921, and plaintiff's suit was commenced on June 19, 1923, the action, as to the damages incurred to plaintiff for said physician's services, was commenced one day too late under the provisions of section 14 of the Limitations Act [Cahill's St. ch. 83, ¶ 15], wherein it is provided in part that "Actions for damages for an injury *to the person* * * * shall be commenced within two years next after the cause of action accrued."

In section 15 of said Limitations Act [Cahill's St. ch. 83, ¶ 16] it is provided in part that "Actions on unwritten contracts, expressed or implied, * * * or to recover damages for an injury done to property, real or personal, * * * *and all civil actions not otherwise provided for,* shall be commenced within five years next after the cause of action accrued." And plaintiff's counsel contends in substance (1) that, inasmuch as plaintiff is not suing for an injury to his own person but for damages occasioned to him by reason of his marital relationship to the injured party, the time limited for the commencement of his action is governed by section 15 of said Act rather than by section 14; and (2) that, even though the two-year limitation period be applicable, the action was com-

menced in time. In support of his first contention he cites the case of *Bassett v. Bassett,* 20 Ill. App. 543, 548, where it was decided that an action for an injury to the person, which must be commenced within two years, is limited to a direct physical injury, and that the time limited for the commencement of a wife's action for damages for maliciously enticing her husband to separate himself from her is governed by section 15 and not section 14. In support of his second contention he cites the cases of *Ewing v. Bailey,* 5 Ill. (4 Scam.) 420, and *Roan v. Rohrer,* 72 Ill. 582. In the *Roan* case it is said (p. 583): "When an act is required to be performed within a specified time from a day named, the rule is, to exclude the day from which the time commences to run, and include the day on which the act is to be performed." And in item 11 of section 1 of chapter 131 [Cahill's St. ch. 131, ¶ 1], relating to the construction of statutes, it is provided: "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded."

The questions thus presented for decision are not wholly free from doubt. We, however, hold that the time for the commencement of plaintiff's action for the recovery of all damages as enumerated in his statement of claim should be governed by section 15 of said Limitations Act and not by section 14; and that, even if it be considered that section 14 is applicable to the portion of his claim for the payment of said physician's bill, his action for the recovery of the amount of said bill as damages was commenced in time. This latter holding may be considered as contrary to the *per curiam* opinion in *Krug v. Outhouse,* 8 Ill. App. 304, where, however, it is said (p. 305): "Item 11, sec. 1, ch. 131 of Underwood's Statutes, referred to by counsel for appellant, is not applicable to this case, because it was enacted subsequent to the

460    APPELLATE COURTS OF ILLINOIS.

Fara v. Reliable Furn. Mfg. Co., 237 Ill. App. 460.

commission of the trespass.'' This is not the fact with reference to the accident in question.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

FITCH, P. J., and BARNES, J., concur.