Leonella Desiron, Minor, by Mrs. Eileen Desiron, Her Mother and Next Friend, and Eileen Desiron, Appellants, v. Tony Peloza, Trading as Tony's Tavern, et al., Appellees.

**Gen. No. 41,520.**

Opinion filed February 26, 1941.

Robert E. Dowling, of Chicago, for appellants.

Kirkland, Tollkuehn, Finn & Smith, of Chicago, for certain appellee; Harold F. Tollkuehn, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On November 28, 1939, Leonella Desiron, a minor, by Eileen Desiron, her mother and next friend, and Eileen Desiron, in her own right, filed their complaint

in the supérior court of Cook county against Tony Peloza, doing business as Tony's Tavern, and Frances Peloza, his wife. Frances Peloza was not served. On April 15, 1940, plaintiffs filed an amended complaint, which alleges that Leonella is a minor 10 years of age and the daughter of the other plaintiff, Eileen; that on August 19, 1937, defendants owned the property known as 1621 North Kedzie avenue, Chicago, where defendant Tony Peloza was operating a tavern and selling intoxicating liquors; that on that day a patron in the tavern became drunk and disorderly as a result of having imbibed intoxicating liquors which had been sold and delivered to him in said premises, and that as a result of such "drunk and intoxicated condition," he, the patron, spilled a glass of beer upon the floor of the premises, thereby rendering the floor wet, slippery and unsafe; that on the same day plaintiff, Eileen Desiron, who was at all times in the exercise of due care for her own safety, while walking across the floor of the tavern, "was caused to slip and fall upon the said floor by reason of the said floor having been rendered slippery, wet and unsafe due to the aforesaid spilling upon the said floor of a glass of beer by the aforesaid intoxicated patron"; that plaintiff Eileen Desiron sustained a severe fracture of the left foot, and suffered a severe mental and nervous shock, which impaired her health, her organs and her mental faculties, and caused her to suffer severely from insomnia; that "she has been severely and permanently crippled, handicapped and disabled as a result thereof, so that she has been totally prevented from working or earning her livelihood, and that her earning capacity in the future has been permanently impaired; that the plaintiff necessarily paid and has become liable to pay medical expenses and for nursing and medicine in the amount of, to-wit, Five Hundred Dollars; and that the plaintiff has lost, as a result thereof considerable monies which she no doubt could have earned, and that the plaintiff will no doubt

incur expenses of a similar nature in the future''; that her health, physical abilities and earning power have been permanently impaired; that plaintiff Leonella Desiron is a minor child and is totally dependent upon her mother for support, maintenance and custody, and that as a result of the injury above-described she, Leonella, has been injured in her means of support and in her person and property. The amended complaint also quotes section 14 of article 6 of the Liquor Control Act, commonly called the Dram Shop Act, approved January 31, 1934 (par. 135, ch. 43, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.042]). Plaintiff Eileen Desiron prays judgment for the sum of $15,000 and Leonella Desiron prays judgment for a like amount. Defendant Tony Peloza filed two separate motions to strike plaintiffs' amended complaint, on the ground that the supposed cause of action accrued on August 19, 1937, whereas, the original complaint was not filed until November 28, 1939, after the supposed causes of action were barred by the provisions of section 14 of the statute of limitations (par. 15, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.274]). The court sustained the motions and dismissed the cause ''for the reason that said cause of action was not commenced within the statutory period.'' Plaintiffs prosecute this appeal for the purpose of reviewing the action of the trial court.

The instant action is brought by virtue of section 14 of article 6 of the Dram Shop Act (par. 135, ch. 43, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.042]) which reads:

''Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or

giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable severally or jointly, with the person or persons selling or giving alcoholic liquors aforesaid, for all damages sustained, and for exemplary damages; and a married woman shall have the same right to bring suit and to control the same and the amount recovered as a feme sole; and all damages recovered by a minor under this Act shall be paid either to such minor, or to his or her parent, guardian or next friend as the court shall direct; and the unlawful sale, or giving away, of alcoholic liquor, shall work a forfeiture of all rights of the lessee or tenant, under any lease or contract of rent upon the premises where such unlawful sale or giving away shall take place; and all suits for damages under this Act may be by any appropriate action in any of the courts of this State having competent jurisdiction.'' Plaintiffs maintain that their case is governed by that section of the statute of limitations which permits an action to be commenced within 5 years after its accrual. Defendant on the other hand insists that the cause is controlled by that section of the statute of limitations which provides that actions for damages for an injury to the person or for a statutory penalty shall be commenced within 2 years after the cause of action accrued. The parties are in agreement that the original complaint was filed subsequent to 2 years following the accrual of the cause of action. In a discussion of the points raised, the following paragraphs from the statute of limitations (ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.272–107.275, 107.281]) are pertinent:

"13. The following actions can only be commenced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute:

"14. Actions for slander or libel shall be commenced within one year next after the cause of action accrued.

"15. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued.

"16. Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued.

"22. If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed." Plaintiffs insist that par. 16 is applicable, while defendants urge that par. 15 controls. The Dram Shop Act does not include any limitation on the right to sue. It is seldom that the legislature includes a limitation. It is reasonable to assume that in the passage of an act granting rights of action where no limitation provision is included, that the legislators recognize that the limitations statute (chapter 83) adequately covers such new right of action. The statute of limitations is one of repose, for the purpose of suppressing fraudulent and stale claims from springing up at great distances of time and surprising the parties or their representatives, when all proper

evidence or vouchers are lost or the facts have become obscure from lapse of time or the defective memory or death or removal of witnesses. The principle embodied in the statute of limitations is a part of the public policy of this State. In discussing the statute of limitations, we will allude to the paragraph numbers set out in chapter 83 of the Illinois Revised Statutes of 1939. The corresponding sections as adopted by the legislature are numbered 12, 13, 14, 15 and 21. The volume known as the Revised Statutes designates these sections as paragraphs 13, 14, 15, 16 and 22. In *Handtoffski v. Chicago Consolidated Traction Co.*, 274 Ill. 282, our Supreme Court observed that in paragraphs 14, 15 and 16 the limitations are not based upon the form of the particular action, but on the particular injury sued for, or upon the obligation out of which the action grows, and that the provisions of par. 13 are to be considered and read as a part of pars. 14, 15 and 16. In that case the plaintiff sued for injuries suffered while he was a passenger on a streetcar being operated by the defendant. His first declaration was grounded on negligence. After 2 years from the time when the cause of action accrued, he amended his declaration by changing the form of his action to that of the violation by the defendant of its contractual duty ''to safely carry the plaintiff and to use due care and diligence in carrying him.'' One of the pleas filed by defendant averred that the supposed cause of action was barred by the provisions of par. 15, ch. 83. The trial court sustained a demurrer to this plea. The defendant elected to stand by its plea. In that case plaintiff sought by changing the form of action to come within the provisions of par. 16, but the Supreme Court ruled that par. 15 clearly fixed the limitation for personal injuries at 2 years without regard to the form of the action. The Supreme Court said (286), that ''section 14 [par. 15, Ill. Rev. Stat. 1939] is a particular provision designed to control actions for damages because of or on ac-

count of an injury to the person, regardless of the form of action, and it must prevail over the more general provision made in section 15 [par. 16] and be treated as an exception to that general provision.'' The instant cause in behalf of the mother Eileen Desiron is clearly an action for damages for injury to her person. The amended complaint so states. Hence, it is governed by the provisions of par. 15, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.274], that actions for damages for an injury to the person shall be commenced within 2 years next after the cause of action accrued. Par. 135, ch. 43, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.042], on which plaintiffs ground their action, grants a right of action to every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, against any person or persons who shall by selling or giving alcoholic liquor, have caused the intoxication in whole or in part of such person. This remedy may be exercised severally or jointly and in his or her own name. The section also provides that all suits for damages thereunder may be by any appropriate action in any of the courts of this State having competent jurisdiction. Our view is that where a cause of action under this section is for damages for an injury to the person it is governed by the 2-year statute of limitations. Where the cause of action is based on an injury to property it is governed by the 5-year statute of limitations. For example, occupants of an automobile which is damaged, and who suffer injuries to their persons because of the drunken misconduct of the driver of another vehicle, clearly have the right to join in one action against all the persons alleged to be liable, including the alleged drunken driver, and all persons engaged in the liquor traffic who caused the intoxication

in whole or in part of the drunken driver. Our view is that an action by the occupants who suffered personal injuries in the collision is governed by the 2-year paragraph of the statute of limitations, and that an action by the owner of the automobile for damages to the automobile is controlled by the 5-year provision of par. 16, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.275]. Hence, a person who sues under the civil damages section of the Dram Shop Act is governed by the provisions of the statute of limitations applicable to the facts of the case. Clearly all possible actions under this civil damages section (par. 135, ch. 43, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.042]) are not governed by one section of the Limitations Act. It is apparent that par. 15, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.274], applies to all actions for damages for an injury to the person. The action of Eileen Desiron, the mother, is for damages for an injury to her person. It is clear that such an action must be commenced within 2 years after it accrued. Our view is that the legislature intended that actions for damages for injury to the person brought under the provisions of the civil damages section of the Dram Shop Act, should be commenced within 2 years next after the accrual thereof. Hence, the superior court of Cook county was right in dismissing the complaint as to Eileen Desiron, the mother.

The allegations of the amended complaint in behalf of Leonella Desiron, the minor plaintiff, are that she is totally dependent upon her mother, Eileen Desiron, and was on August 19, 1937, totally dependent upon her mother for her support, maintenance and custody, and that as a result of the injury sustained by her mother, she, Leonella Desiron, has been injured in her means of support in her person and property to the extent of $15,000. Clearly the minor does not bring her action for damages for an injury to her person. The damages she suffered, if any, arise out of the injury to

her mother. In *Roth v. Lundin,* 237 Ill. App. 456, plaintiff brought an action to recover damages resulting from a collision of the automobiles of the parties. Plaintiff sought damages for towing his car, for placing a new top thereon and for physician's services rendered to his wife because of the collision. Defendant contended that the action was begun one day after the 2-year statute of limitations had run. The court, however, ruled that the action was not for damages for injuries to the person but came within par. 16, ch. 83, Ill. Stat. 1939 [Jones Ill. Stats. Ann. 107.275] providing that actions on unwritten contracts, expressed or implied, or to recover damages for an injury done to property, real or personal, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued. In *Waller v. City, of Chicago,* 11 Ill. App. 209, Waller sued the City of Chicago to recover compensation for the loss of service and expenses incurred in consequence of an injury to his minor daughter. The action was filed more than 2 years after it accrued. The defendant filed a plea of the statute of limitations under the provisions of par. 15, that damages for an injury to the person shall be commenced within 2 years next after the cause of action accrued. Plaintiff demurred. The trial court overruled the demurrer and plaintiff elected to abide by his demurrer. The reviewing court said (page 211): ''In his admirable work on Torts, Judge Cooley says: 'The injury which one may suffer in the relation of parent, seems, at the common law, to be limited to an action for the recovery of damages for being deprived of the child's service. The action is therefore planted rather upon a loss in the character of the master of a servant.' Cooley on Torts, 228. It follows from that view of the law, that in actions like the present one, the negligence or original wrong resulting in the injury to the person of the child, is not the cause of action, but it is the loss of service.'' The

opinion of the court by Mr. Justice McALLISTER held
that the injury was not to the person of the plaintiff,
but to his property. The judgment was reversed and
the cause remanded. From these two cases it appears
that an action under the civil damages section of the
Dram Shop Act for injuries in the means of support
may be brought within 5 years under par. 16 (ch. 83,
Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.275]).
We are convinced, however, that Leonella Desiron, the
minor, has the right to bring her action regardless of
whether she comes within the provisions of par. 15 or
par. 16. Leonella, being under the age of 18 years, may
bring her action within 2 years after arriving at that
age, as provided by par. 22, ch. 83, Ill. Rev. Stat. 1939
[Jones Ill. Stats. Ann. 107.281]. By the clear language
of this section she may maintain her action within 2
years after becoming 18 years of age, whether her case
is governed by par. 15 or par. 16. Defendant argues
that under the civil damages section of the Dram Shop
Act ''a minor is entitled to bring an action for damages
by his or her parents, guardian or next friend, and that
failing to file such action within two years after the ac-
crual of said action, the same is barred by the two year
Statute of Limitations.'' In the case of *In re Estate
of Sheehan*, 290 Ill. App. 551, this court passed on the
proposition. There a claim for $1,907, based on a
promissory note, was filed in the probate court by
Catherine McManmon, guardian of the estate of Mary
Ellen McManmon, against the estate of Margaret Shee-
han, insane. It was contended that the statute of limi-
tations ran against the holders of the note from the
time a certain payment had been made thereon and
that the claim was barred because more than 10 years
had elapsed from the time the cause of action accrued
until the claim was filed. The only question presented
for determination was whether, because the minor had
a probate guardian during the statutory period, the
statute of limitations bars recovery on a promissory

note which she owned. The court, speaking through Mr. Justice JOHN J. SULLIVAN, said (555):

"It is the public policy of this State that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his or her rights unless clearly debarred from so doing by some statute or constitutional provision. (*Walgreen Co. v. Industrial Commission,* 323 Ill. 194.) Not only is there no statutory or constitutional prohibition in this State against the minor's claim in the case at bar, as and when asserted, but it has express statutory sanction, as heretofore shown, and surely the minor should not be deprived of her rights by the laches or neglect of a recreant guardian. . . . In Illinois a guardian is not vested with the title to a minor's estate, but is merely charged with its care and management. The title to the note in question was never in the guardian but remained at all times in the minor. . . . It is unnecessary to further discuss the rule urged as applicable here that a minor is barred by limitations when his legal representative is barred, except to state that we have carefully examined all the authorities cited and find that this rule is applicable only where the legal title to the *res* is in the legal representative or trustee." This court found that par. 22, ch. 83, Ill. Rev. Stat. 1939 (sec. 21) of the Limitations Act [Jones Ill. Stats. Ann. 107.281], was applicable. We are of the opinion that the cause of action of the minor, Leonella Desiron, is not barred by any provision of our statute of limitations, and that the court was in error in dismissing the cause as to her.

Finally, plaintiffs maintain that the "question as to what damages the minor has sustained in her means of support in her person and property is unseverably joined with what damages the mother has sustained to her person, property and means of support as a consequence of the defendants' liability imposed by the civil damages section of the Dram Shop Act," and that the

"benefit of [Par. 22] Ch. 83, Ill. Rev. Stat. 1939, [sec. 21 of the Limitations Act] claimed by the minor, Leonella Desiron, therefore avails her mother and co-plaintiff Eileen Desiron." The case cited by plaintiffs in support of this proposition, *Beresh v. Supreme Lodge Knights of Honor*, 255 Ill. 122, is not in point. Par. 135, ch. 43, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.042], states that the injured person or persons "shall have a right of action in his or her own name severally or jointly. . . ." This section distinctly recognizes that an action may be several or joint. The parties may sue separately or they may all join in the same action. Under the liberal provisions of the Civil Practice Act and the rules adopted by the Supreme Court concerning joinder of plaintiffs and defendants in one action, parties claiming rights by virtue of the civil damages section of the Dram Shop Act may join in one action. The determination of the issues will, however, depend on the facts and the law applicable to each litigant. We, therefore, reject the contention of plaintiffs that because the action is not barred as to Leonella Desiron, the minor, it is not barred as to her mother.

For the reasons stated that part of the order of the superior court of Cook county dismissing the cause as to Eileen Desiron is affirmed, and that part of the order dismissing the cause as to Leonella Desiron, a minor, is reversed and the cause is remanded with directions to proceed in a manner not inconsistent with this opinion.

*Affirmed in part, reversed in part, with directions.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.