## Joseph Seymour, Appellant, v. The Union News Company, Appellee.

### Gen. No. 45,809.

Opinion filed February 2, 1953. Released for publication February 20, 1953.

LOCHTAN & WOLFE, of Chicago, for appellant; BERNARD B. WOLFE, and JOHN AUSTIN DAILY, both of Chicago, of counsel.

JOHN J. SULLIVAN, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On February 7, 1951, Joseph Seymour filed a complaint in the superior court of Cook county against The Union News Company, charging that on September 15, 1948, defendant owned and operated a restaurant in Chicago to which it invited the public "to participate and consume food" therein; that on that day plaintiff accepted the "implied invitation" to become a customer and to purchase food to be consumed on the premises; that he then and there purchased a roast pork dinner and consumed it on the premises; that the defendant warranted that the "roast pork and accompanying foods" were pure, wholesome, free from any poisonous substance or taint and fit for human consumption; and that defendant breached the warranty in that it served "pork and accompanying foods" which were impure, unwholesome, harmful and tainted. The sixth paragraph of the complaint charged that "as a direct and proximate cause of said breach, the plaintiff by eating said food became sick and ill and was caused excessive pain and suffering, and was further forced to expend divers sums of money for doctor and hospital bills, and further suffered great loss of earnings and further suffered injuries of a permanent nature." Plaintiff asked damages of $15,000.

198

On May 17, 1951, plaintiff filed an amended complaint in which the sixth paragraph was changed to read that "as a direct and proximate cause of said breach of warranty the plaintiff after eating said food, was forced to expend divers sums of money for doctor and hospital bills, and suffered great loss of earnings." In the amended complaint he also reduced the *ad damnum* to $2,500. Defendant's motion to dismiss on the ground that the action was not commenced within two years after it accrued was sustained and judgment entered against plaintiff, to reverse which he appeals.

██ The parties are in agreement that the action was not commenced within two years after it accrued. The only question to be determined is whether the action is governed by the two or the five year limitation. Section 14 of the Limitations Act which appears and will be hereinafter referred to as section [paragraph] 15, ch. 83, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 107.274], provides that actions for damages for an injury to the person shall be commenced within two years next after the cause of action accrued. Section [paragraph] 16, ch. 83, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 107.275], provides that actions on unwritten contracts, express or implied, to recover damages for an injury to property, real or personal, and all civil actions not otherwise provided for, shall be commenced within five years after the cause of action accrued. Plaintiff maintains that he seeks recovery for loss of earnings "actually sustained and moneys actually expended for medical treatment as a result of the consumption of impure and unfit food stuffs" in defendant's restaurant, and that no recovery is sought for pain and suffering or for injury to the person. The only difference between the two complaints appears in paragraph six of each. The amended complaint leaves out the words "became sick and ill and was caused ex-

199

cessive pain and suffering." In effect, plaintiff is saying that by leaving out the statement that he became sick and had pain and suffering, he is suing only for damage to property and not for injury to his person. Neither complaint states what forced the expenditure of doctor and hospital bills or caused the loss of earnings. A reasonable inference from the allegation is that any doctor and hospital bills incurred or loss of earnings suffered by plaintiff were caused solely by the illness induced by the consumption of impure and unwholesome food. We assume that the bills which plaintiff was required to pay and his loss of earnings were caused by the injury to his person.

In *Handtoffski v. Chicago Consolidated Traction Co.,* 274 Ill. 282, the court said (286) that section 15 "clearly fixes the limitation for personal injuries at two years, without any regard to the form of action." See also *Desiron v. Peloza,* 308 Ill. App. 582. We conclude from the allegations of the amended complaint that the breach of warranty in the serving of unwholesome and tainted food caused the injury to the person of plaintiff, and that as a result thereof he was forced to expend sums of money for doctor and hospital bills and suffered a loss of earnings. We are of the opinion that plaintiff's action is for an injury to the person and that the damages he claims arose as a result of such injury. Therefore, the action is barred under section 15, ch. 83, Ill. Rev. Stat. 1951. The damages sought resulted directly from the alleged injury. It has long been the practice in personal injury actions to include loss of earnings and doctor and hospital bills as elements of damage. It is interesting to note that in the *Handtoffski* case *supra,* the court, speaking of the two year limitation statute, said it is "designed to control actions for damages because of or on account of an injury to the person" and that "it must prevail over the more general provision made in section 15

[section 16] and be treated as an exception to that general provision.''

Plaintiff cites cases in support of his position that his action may be brought within five years under section 16, ch. 83, Ill. Rev. Stat. 1951, that actions to recover damages for an injury to property, real or personal, shall be commenced within five years after the cause of action accrued. In *Roth v. Lundin,* 237 Ill. App. 456, the court applied the five year limitation where a husband sued for medical expenses incurred by reason of his wife's injuries. The court concluded that the action of the husband was not based on a direct injury to his person. In *Bassett v. Bassett,* 20 Ill. App. 543, a suit by a wife against her husband's father for maliciously enticing her husband to separate from her, the court held that the action was not for damages for injury to the person of the plaintiff and that it came within the five year limitation. The suit involved no injury to the person of the plaintiff. The cases cited by plaintiff do not support his position.

For the reasons stated, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

FRIEND, P. J. and NIEMEYER, J., concur.