Eva **SEYMOUR**, Plaintiff-Appellant,

v.

The **UNION NEWS COMPANY**, Defendant-Appellee.

No. 11176.

United States Court of Appeals Seventh Circuit.

Nov. 17, 1954.

Bernard B. Wolfe, Chicago, Ill., for appellant.

Oswell G. Treadway, Joseph H. Hinshaw, Chicago, Ill., for appellee.

Before MAJOR and SWAIM, Circuit Judges, and PLATT, District Judge.

PLATT, District Judge.

Plaintiff, Eva Seymour has appealed from an order of the district court sus-

taining defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff's husband had previously filed a complaint in the Superior Court of Cook County [1] alleging that on September 15, 1948 he had purchased a roast pork dinner in a restaurant owned and operated by the defendant in the North Western Station in the City of Chicago, Illinois, and that the dinner was impure and tainted. He further alleged that as a consequence thereof he became ill and disabled, and asked damages for medical bills, pain and suffering, and loss of earnings. Later he amended the complaint demanding a judgment for medical and hospital bills. Inasmuch as his complaint was not filed until February 7, 1951, more than two years after the alleged cause of action accrued, and his medical and hospital bills were the result of a personal injury, the defendant's motion to dismiss for the reason that the action was barred under the Illinois Statute of Limitations [2] was sustained and judgment entered for the defendant.

Plaintiff then brought this action in the district court on the basis of diversity of citizenship alleging that as a result of her husband's illness and disability she was deprived of her husband's support, consortium, and was compelled to spend sums of money for medical and hospital bills on his behalf. Defendant filed a motion to dismiss the complaint for failure to state a cause of action, and that the two year statute of limitations barred the action. The district court sustained the motion. Plaintiff now brings this appeal contending: First, that a wife has a cause of action against third persons for the loss of consortium of her husband; Secondly, that a wife has a cause of action against third persons as a consequence of their wrongful acts for family expenses incurred by her on behalf of her husband.

The first proposition presented by this appeal has no merit. In Patelski v. Snyder, 179 Ill.App. 24, the court rejected the argument that the Act of March 30, 1874,[3] which gave married women the right to sue and be sued without joining their husbands, gave them a cause of action for loss of consortium. The court said at page 28, of 179 Ill. App.:

"But the law of 1874, while extending the legal independence of a married woman as to all legal proceedings and in many particulars increasing her responsibilities and diminishing those of her husband, did not undertake, as we read it, to give her any more control of her husband's property, earnings or other choses in action than she had before. Nor did it create in her a right of action for personal injuries to him which did not before exist."

The federal courts in diversity cases are bound by the decisions of state intermediate appellate courts unless there is persuasive evidence that the higher court would rule otherwise.[4] We find no Illinois Supreme Court case which directly or indirectly overrules this case.

However, we find that the plaintiff's cause of action based upon the Family Expense Statute does have substance to it. In Thompson v. City of Bushnell, 346 Ill.App. 352, 105 N.E.2d 311, where a wife filed an action to recover medical and funeral expenses furnished her deceased husband, as a result of injuries caused by the negligence of the defendant, recovery was allowed under the Family Expense Statute,[5] which reads as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors there-

---

1. Seymour v. Union News Co., 349 Ill. App. 197, 110 N.E.2d 475.

2. Ill.Rev.Stats.1953, Ch. 83, Par. 15, Sec. 14.

3. Ill.Rev.Stats.1953, Ch. 68, Par. 1, Sec. 1.

4. Preston v. Aetna Life Ins. Co., 7 Cir., 174 F.2d 10, 12.

5. Ill.Rev.Stats.1953, Ch. 68, Par. 15, Sec. 15.

for, and in relation thereto they may be sued jointly or separately."

The court quoted with approval from Hansen v. Hayes, 175 Or. 358, 154 P.2d 202, which holds that both the husband and wife are each obligated to pay the medical expenses for the other under the Family Expense Statute, and each would have a cause of action against a third person who wrongfully injured the other spouse, depending upon who paid the expenses.

In diversity cases this court is bound by the Illinois Statute of Limitations.[6] Here the plaintiff's cause of action for medical expenses is based on the Family Expense Act, and the personal injury to her husband. In such a case it has been held that the five year statute of limitations [7] is applicable, rather than the two year statute.[8]

Since we hold that the plaintiff has a cause of action under the Family Expense Act, it becomes necessary to determine whether she is barred by the judgment in her husband's suit. We hold she is not. The Illinois courts have repeatedly characterized the Illinois Statute of Limitations as being procedural, and thereby merely going to the remedy and not to the cause of action.[9] Therefore, the fact that the husband's remedy is barred by the two year statute should not prevent the plaintiff, to whom the five year statute applies from maintaining this action. Furthermore, plaintiff's cause of action is not derived through her husband. It is true that she must prove that the defendant committed the wrongful act upon her husband in order to recover, but her rights in this case arise from the Family Expense Statute and not solely through any duty the defendant owed to her husband. In McGilvray v. Powell, 700 North, Inc., 7 Cir., 186 F.2d 909, a diversity case, where a wife brought an action for personal injuries against defendant and her husband joined in the suit for loss of consortium, the jury returned two verdicts, finding for the wife but against the husband. This court affirmed, and Judge Lindley held that in Illinois there was no legal inconsistency in the verdicts, the actions being separate and independent, a verdict and judgment as to one was not res adjudicata to the other.

We are confronted with Clark v. Carson Pirie Scott & Co., 340 Ill.App. 260, 91 N.E.2d 452, 455, where the husband joined in his wife's action for personal injuries claiming loss of consortium, and to recover the medical and hospital expenses. The jury returned the verdict for the wife and against the husband. The trial court sustained defendant's motion for a judgment notwithstanding the verdict and denied the husband's motion for new trial. Both the husband and wife appealed. The Illinois Appellate Court affirmed the trial court's ruling that as matter of law the question of the defendant's negligence was not sufficient to go to the jury and said:

"Having determined that plaintiff, Viola Clark, could not recover, it follows that the husband could not recover * * *."

But the Clark case on the facts is clearly distinguishable from the case at hand and the McGilvray case. In the Clark case both the husband and the wife were before the court. When the court ruled as a matter of law that the defendant was not negligent, neither could recover. In the McGilvray case there was sufficient evidence of negligence to go to the jury, so that it was within the prerogative of the jury to return inconsistent verdicts. In the instant case only the husband has had his day in court. Mrs.

6. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

7. Ill.Rev.Stats.1953, Ch. 83, Par. 16, Sec. 15.

8. Roth v. Lundin, 237 Ill.App. 456; Seymour v. Union News Co., 349 Ill.App. 197, 110 N.E.2d 475.

9. Thornton v. Nome & Sinook Co., 260 Ill.App. 76; Chicago Board of Underwriters v. Industrial Commission, 332 Ill. 611, 164 N.E. 216.

Seymour now asks recovery for medical and hospital expenses she was compelled to expend. As was held in McGilvray v. Powell 700 North, Inc., supra, each has a separate and independent cause of action. The plaintiff's cause of action under the Family Expense Statute is a separate cause of action, and is neither barred by the statute of limitations, nor was the liability of the defendant toward her adjudicated in her husband's action.

Therefore, we conclude that the trial court did not err in holding the plaintiff had no right of action for consortium. But the plaintiff has a cause of action for family expenses in the federal court, providing the damages are sufficient to comply with the jurisdictional amount. The motion to dismiss should have been denied.[10]

Reversed and remanded.

---

10. A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Chicago & Northwestern Ry. v. First National Bank of Waukegan, 7 Cir., 200 F. 2d 383.