**Betty JOHNSON, Plaintiff,**

v.

**HI-WAY DISPATCH, INC., a corporation, Defendant.**

Civ. No. 72-52.

United States District Court,
E. D. Illinois.

Nov. 29, 1972.

John Glidden, Hartzell, Glidden & Tucker, Carthage, Ill., F. D. Conner, Belleville, Ill., for plaintiff.

Jack E. Horsley, Richard F. Record, Jr., Craig & Craig, Mattoon, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Judge:

This is a diversity suit for loss of consortium brought by a wife whose husband was injured in an automobile accident. From the pleadings it appears that Plaintiff's husband earlier brought a negligence action against the present Defendant for his personal injuries arising out of the same accident, and recovered damages upon the trial of that action.

The accident occurred on April 13, 1967, near Effingham, Illinois. The present action was commenced on April 12, 1972, one day short of five years from the date of the automobile accident. Defendant has moved to dismiss the complaint under Rule 12, alleging that the action is barred by the Illinois two-year statute of limitations covering "actions for damages for an injury to the person," Ill.Rev.Stat. Ch. 83 § 15. Plaintiff has not responded to the motion.

It is clear that in a diversity action this Court is bound by the Illinois statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). In addition to

the above-mentioned statute, Ill.Rev.Stat. Ch. 83 § 16 provides that "all civil actions not otherwise provided for" must be brought within five years of the accrual of the cause of action. Thus the issue is whether Plaintiff's suit for loss of consortium is an "action for damages for an injury to the person," subject to the two-year statute of limitations or is subject to the general five-year statute.

Defendant in its brief claims that no Illinois case law is applicable on the point, and thus cites authority from other states. The Court believes, however, that the courts of Illinois have indicated the nature and applicable statute of limitations for an action for loss of consortium.

It was long the law in Illinois that a husband could maintain an action for loss of consortium due to injuries to his wife. Price v. H. B. Green Transportation Line, 287 F.2d 363 (7th Cir., 1961). In Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881 (1960), the Illinois Supreme Court held that a wife could likewise maintain such an action due to injuries to her husband. The Court explained the nature of the cause of action:

> "consortium, however, includes, in addition to material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity."

The gist of the action is the wife's loss resulting from personal injuries of the husband. The Court noted that the cause of action exists to serve the same basic reason that alienation of affection suits do—namely, the protection of the family. See also Tjaden v. Moses, 94 Ill.App.2d 361, 237 N.E.2d 562 (1968).

In similar actions for loss of the services of a family member, the courts of Illinois have applied the general five-year statute of limitations. Waller v. City of Chicago, 11 Ill.App. 209 (1882), involved a parent's suit for loss of services of his child due to negligently inflicted personal injuries. The Court rejected the applicability of the two-year personal injury statute, holding that,

" . . . the gist of the action is not the injury, but the consequence of such injury whereby the parent lost the services of the child."

In Desiron v. Peloza, 308 Ill.App. 582, 32 N.E.2d 316 (1941), a minor child sued for loss of her mother's services, and her mother sued for her own personal injuries. The Court found the mother's claim to be barred by the two-year personal injury statute, but that the infant's claim was not so barred. Said the Court, "clearly the minor does not bring her action for damages for an injury to her person."

There is no reason why this characterization should not carry over to the case of a spouse's injuries. In Bassett v. Bassett, 20 Ill.App. 543 (1880), the Court held that an action for malicious enticement was subject to the general five-year limitation, noting that the two-year statute is aimed at only direct physical injuries. Roth v. Lundin, 237 Ill.App. 456 (1925), involved a husband's suit to recover doctor bills which he paid as a result of his wife's personal injury. The two-year statute of limitations was held not to apply to such an action, even though it proceeded out of a personal injury claim. And in Seymour v. Union News Co., 217 F.2d 168 (7th Cir., 1954), the Court held that a wife's action under the Illinois Family Expense Statute (Ch. 68 § 15) could be brought under the five-year statute, despite the fact that the cause of action arose out of her husband's personal injuries. Most recently, in Doerr v. Villate, 74 Ill.App.2d 332, 220 N.E.2d 767 (1966), it was held that a wife who sued for malpractice for injury done to her husband was suing on an oral contract and thus was subject to the five-year statute of limitations. Obviously, the cause of action there arose out of personal injuries, but not for the Plaintiff's "direct physical or mental injuries," *id.* at 770 (see also supplemental opinion, at 770).

The thrust of these cases is that a suit for damages sustained by a family member by virtue of the person-

al injuries of a fellow family member is not deemed to be a suit "for damages for an injury to the person." To this extent the cause of action for loss of consortium, as outlined by the Illinois Supreme Court in Dini v. Naiditch, falls outside the scope of the two-year statute.

Thus plaintiff is entitled to maintain this action, and defendant's motion to dismiss is denied.