Curtis F. **HOCKETT** and Janet Hockett,
Plaintiffs,

v.

**AMERICAN AIRLINES, INC.,** a corporation, et al., Defendants.

No. 70 C 652.

United States District Court,
N. D. Illinois, E. D.

May 7, 1973.

Lawrence L. Kotin, Chicago, Ill., for plaintiffs.

Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for defendant American Airlines, Inc.

Michael A. Coccia, Baker & McKenzie, Chicago, Ill., for The Garrett Corp.

Donald M. Haskell, McKenna, Storer, Rowe, White & Haskell, Chicago, Ill., for The Boeing Co.

## MEMORANDUM OPINION AND ORDER

ROBSON, Chief Judge.

On March 2, 1973, Janet Hockett filed a claim for loss of consortium based upon injuries suffered by her husband, Curtis Hockett, September 23, 1968. American Airlines, The Garrett Corporation, and The Boeing Company have moved[1] to dismiss Counts IV, V, and VI of the Second Amended Complaint (the claims of Janet Hockett against the respective defendants) on the ground that these claims for loss of consortium were not filed within the two-year statute of limitations period applicable to actions brought for an injury to the person.

For the reasons stated herein, the motion is denied, and Counts IV, V, and VI of the Second Amended Complaint shall stand.

The issue before the court is whether a claim for loss of consortium is governed by Illinois' two-year limitation period applicable to actions brought for "an injury to the person"[2] or the five-year period applicable to "all civil actions not otherwise provided for. . . ."[3] In this diversity suit, the court must decide the issue in accordance with Illinois law, Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). As no Illinois state court has decided the issue raised on this motion, this court must place itself in the position of the Illinois Supreme Court and decide the issue[4] as expressed in the decisions of Illinois appellate courts. This procedure was formally recognized in Preston v. Aetna Life Ins. Co., 174 F.2d 10, 12 (7th Cir. 1949), cert. den., 338 U.S. 829, 70 S.Ct. 80, 94 L.Ed. 504 (1949), where the court stated that in determining state law

"federal courts are bound by the decisions of State intermediate appellate courts unless there is persuasive evidence that the highest State court would rule otherwise, [citing cases]."

Now this court must determine if there is a basis for ascertaining how the Illinois appellate courts would rule on the issue if it was presented to them. Secondly, the court must determine whether there is any persuasive reason to believe that the Illinois Supreme Court would rule otherwise.[5]

The Illinois courts have narrowly construed the two-year statute of limitations so that it applies only to actions arising out of an injury directly to the person of the plaintiff, and it does not apply to those actions which are derived from the personal injury action, Waller v. City of Chicago, 11 Ill.App. 209

---

1. All three defendants filed motions to dismiss the loss of consortium claims directed against them. However, only The Boeing Company filed a brief and reply brief in support of their motion. The other defendants elected to stand on Boeing's briefs and arguments.

2. Ill.Rev.Stat., Ch. 83, Section 15.

3. Ill.Rev.Stat., Ch. 83, Section 16.

4. Cf. Cooper v. American Airlines, Inc., 149 F.2d 355, 359 (2d Cir. 1945).

5. Professor Wright states that today a federal judge is free to consider all the data the highest court of the state would use in an effort to determine how that court would decide. Wright also states that "[i]f there are no holdings from state courts, high or low, on the matter that the federal court is to decide, that court must look for *other indications of the state law* . . . ." Wright, Law of Federal Courts, p. 239 (2nd ed. 1970). (Emphasis added).

(1882); Bassett v. Bassett, 20 Ill.App. 543 (1886); Roth v. Lundin, 237 Ill.App. 456 (1925); Desiron v. Peloza, 308 Ill. App. 582, 32 N.E.2d 316 (1941); Seymour v. Union News Co., 349 Ill.App. 197, 110 N.E.2d 475 (1953) (action for personal injury barred by the two-year statute of limitations); Seymour v. Union News Co., 217 F.2d 168 (7th Cir. 1954) (action by Mrs. Seymour under Illinois' Family Expense Statute for losses incurred by reason of personal injury to her husband).

■ The case that led the way for this narrow construction of the two-year statute of limitations was Bassett v. Basset, *supra.* Bassett involved a suit by a woman against her father-in-law, who wrongfully enticed her husband to desert. In reaching its decision the court stated, at 548:

> "The cause of action for an injury to the person which is barred in two years is *limited to a direct physical injury to the person.* If it were intended to include all injuries to personal and relative rights, the legislature would not have considered it necessary in the same act to provide specially for a period of time in which an action should be brought for many of the injuries to such rights. Thus actions to recover damages for slander and libel, false imprisonment, malicious prosecution, abduction, seduction and criminal conversation, are expressly provided for, *showing the clear intent of the legislature to limit 'injuries to the person' to those of a physical nature.* This case is one of those not specially provided for, and would therefore seem to be governed by the fifteenth section of the act making five years the limitation." (Emphasis added).

Within this language is an expression of policy by an Illinois court that the two-year statute of limitations will be applied only to actions based on a direct physical injury to the person of the plaintiff. The language in Bassett has never been contradicted by any Illinois court. Of course, where a federal court must decide a question of state law which has never been decided by the highest state court, the federal court "must look for *other indications* of state law." See Wright, *supra,* note 5. The statement by the court in *Bassett,* is an indication of the state law of the two-year limitation statute which this court is not free to disregard. And since there has been no conflicting indication of what state law on this issue would be, the language in *Bassett* may be taken as conclusive on the issue.

The expression of policy on the narrow constuction of the two-year limitation period was recently reaffirmed in Doerr v. Villate, 74 Ill.App.2d 332, 220 N.E.2d 767 (1966). In *Doerr,* the trial court dismissed count I of plaintiff's second amended complaint because it was barred by the two-year statute of limitation. The appellate court reversed stating that the suit was based upon an alleged breach of oral contract, to which the five-year statute applied. In reaching its decision the court stated at 337, 220 N.E.2d at 770:

> "Section 14 [now Section 15] of the Statute of Limitations and its *two-year bar does not apply to every action involving personal injuries,* but rather those where plaintiff is suing *for direct physical or mental injuries,* Seymour v. Union News Co., 349 Ill.App. 197, 201, 110 N.E.2d 475 (1953); . . . Roth v. Lundin, 237 Ill.App. 456, 458 (1925); Bassett v. Bassett, 20 Ill.App. 543, 548 (1886)." (Emphasis added).

After the appellate court's opinion was entered, the defendant filed a petition for rehearing in which he took specific issue with the language quoted above. The defendant contended, as The Boeing Company contends in this motion, that when any cause of action is related to, or arises as a consequence of personal injuries—even though to a person other than the plaintiff—the two-year limitation of section 14 (now section 15) must apply. In a supplemental opinion, 74 Ill.App.2d 338 (1966), the court stated that the defendant misconstrued the cases of Bassett v. Bassett, *supra,* Roth v. Lundin,

*supra*, Menolascino v. Superior Felt and Bedding Co., 313 Ill.App. 557, 40 N.E.2d 813 (1942), and Seymour v. Union News Co., 349 Ill.App. 197 (1953). In its discussion of these cases the Doerr court quoted verbatim from Bassett v. Bassett, *supra*, to the effect that the two-year statute of limitations applies only to actions brought for by a plaintiff who suffered *direct* physical injuries to his person. Thus, *Doerr* stands as recent Illinois appellate court determination that the rule set forth in Bassett is correct. The Bassett declaration of policy therefore appears to have continued vitality, and as such, it must be given great weight by a federal court in deciding how the Illinois Supreme Court would decide the issue, Preston v. Aetna Life Ins. Co., *supra*.

The conclusion reached by this court is bolstered by the recent decision of Johnson v. Hi-Way Dispatch, Inc., 352 F.Supp. 929 (E.D.Ill.1972). That case held that an action for loss of consortium in Illinois was subject to the five-year statute of limitations applicable to "all civil actions not otherwise provided for," rather than the two-year period applicable to "actions for an injury to the person." The court determined that the courts of Illinois, while never having decided this precise question, have indicated the nature of and the applicable statute of limitations for an action for loss of consortium. Thus, *Johnson* was decided with reference to analogous Illinois cases, rather than upon cases on point from other jurisdictions.

After the court reviewed many of the same cases[6] upon which Janet Hockett relied in this motion, it came to the following conclusion at 930–931:

"[t]he thrust of these cases is that a suit for damages sustained by a family member by virtue of the personal injuries to a fellow family member is not deemed to be a suit 'for damages for an injury to the person.' "

The court thus concluded that an action for loss of consortium fell outside the scope of the two-year limitation period.

■ Having carefully considered the decision in Johnson v. Hi-Way Dispatch, Inc., *supra*, and the Illinois authorities cited therein, this court agrees that an action for loss of consortium is subject to the five-year statute of limitations which governs "all civil actions not otherwise provided for." The court is aware that none of the Illinois cases relied upon in *Johnson*, and cited here by Janet Hockett, are directly on point. But these cases do indicate a general attitude by the Illinois appellate courts that an action by one family member for "loss of service" of another family member is not to be regarded as "an action for damages for an injury to the person," and thus such actions are not governed by the two-year statute of limitations.

This court is fully aware that other jurisdictions that have been directly confronted with the issue before this court have reached a contrary result. These decisions were made on the basis that an action for loss of consortium, being a

6. Judge Foreman noted in particular: Waller v. City of Chicago, *supra*, in which a parent sued for loss of services of his child due to negligently inflicted personal injuries. The court refused to apply the two-year limitation period, holding, that the gist of the action is not the injury to the person of the child, but the consequence of such injury whereby the parent lost the services of the child; Desiron v. Peloza, *supra*, in which a minor child sued for loss of her mother's services, and her mother sued for her own personal injuries. The court held that the mother's claim was barred by the two-year statute, but that the [child's] claim was not so barred, noting, 308 Ill.App. at 590, 32 N.E.2d at 321, that "the minor child does not bring her action for damages for an injury to her person."; Roth v. Lundin, *supra*, which involved a husband's suit to recover doctor bills which he paid as a result of his wife's personal injury. The two-year statute was held not to apply, even though the husband's claim proceeded out of a personal injury claim.; Seymour v. Union News Co., 217 F.2d 168 (7th Cir. 1954), in which the court held that a wife's action under the Family Expense Statute could be brought under the five-year statute, despite the fact that the husband's claim was barred by the two-year statute, Seymour v. Union News Co., 349 Ill.App. 197 (1953).

"consequence of" or "dependent upon" the claim of the spouse who suffered direct physical injury, is governed by the same limitation period as the personal injury claim.[7] These courts decided that it would be anomalous for the personal injury action to be barred by the statute of limitations, and yet permit the loss of consortium action, which was dependent upon the personal injury claim, to be subject to a longer limitation period. While these cases seem to state a more logical rule, this court is not free to disregard the narrow construction Illinois appellate courts have placed on the two-year statute of limitations for personal injury, Bassett v. Bassett, *supra*, and Doerr v. Villate, *supra*.

This is particularly true since this construction has never been contradicted by any Illinois court. Furthermore, as was noted in Johnson v. Hi-Way Dispatch Co., *supra*, it appears to be Illinois' policy to provide a five-year limitation period for actions based upon loss of services of a family member, even though those actions grow out of a personal injury to another.[8] There is no indication in the case authorities that the Illinois Supreme Court would decide the case to the contrary. Consequently, this court is bound by the decisions of the state's appellate courts, Preston v. Aetna Life Ins. Co., *supra*.

 This court is of the opinion that Janet Hockett's claim for loss of consortium is not a suit brought "for damages for an injury to the person," and is, therefore, not governed by the two-year statute of limitations, but is instead controlled by the general five-year period applicable to "all civil actions not otherwise provided for. . . ."

There is one more issue raised by this motion, although it was not discussed by any party. That issue is the effect that Rule 15(c), Federal Rules of Civil Procedure, has on the Second Amended Complaint and the statute of limitations.

The Second Amended Complaint was filed on March 2, 1973. Counts I, II, and III restate the original claims of Curtis Hockett against American Airlines, The Garrett Corporation, and The Boeing Company. Counts IV, V, and VI are Janet Hockett's claims for loss of consortium against the respective defendants. The issue raised by the amendment is whether these claims for loss of consortium relate back to the date of filing the original complaint, so that even if there was a two-year statute of limitation, the claims would not be barred.

 Rule 15(c), Federal Rules Civil Procedure, provides that whenever

> "the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading."

The doctrine of relation back under Rule 15(c) is liberally applied today in the federal courts, especially if no disadvantage will accrue to the opposing party. 1A Barron & Holtzoff, Federal Practice and Procedure, Section 448 (Wright ed. 1960). Rule 15(c) is based upon the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford, 3 Moore's Federal Practice para. 15.15 [3]. The objective of state statutes of limitations, to protect persons from the necessity of defending

---

7. Desjourdy v. Mesrobian, 52 R.I. 146, 158 A. 719 (1932) ; Rex v. Hutner, 26 N.J. 489, 140 A.2d 753 (1958) ; Basler v. Sacramento Electric Gas & Ry. Co., 166 Cal. 33, 134 P. 993 (1913) ; Mulvey v. City of Boston, 197 Mass. 178, 83 N.E.

402 (1908) ; Schimmel v. Greenway, 107 Ga.App. 257, 129 S.E.2d 542 (1963).

8. Waller v. City of Chicago, *supra* ; Desiron v. Peloza, *supra* ; Seymour v. Union News Co., 217 F.2d 168 (7th Cir. 1954).

stale claims, is served under Rule 15(c), since the amendment will not relate back unless the original pleading has given fair notice to the adverse party that a claim is being asserted against him from some particular transaction or occurrence, Wright, Law of Federal Courts, p. 276 (2d ed. 1970). In this case the Second Amended Complaint filed March 2, 1973, named Janet Hockett as a new plaintiff. No new defendants were added. Her claims for loss of consortium against the defendants, contained in Counts IV, V, and VI, are based upon the same allegations of negligence as are Curtis Hockett's. The factual matrix for Janet Hockett's claims is identical to that of her husband's. The defendants cannot claim prejudice in this case since they have been fully advised of the facts upon which Curtis Hockett has based his claim and have been vigorously preparing their defenses. Accordingly, Janet Hockett's claims relate back under Rule 15(c) to the date of the original pleading.[9] As that pleading was filed within the appropriate limitation period, the claims of Janet Hockett set forth in the Second Amended Complaint, are not subject to the bar of the statute of limitations, even if one were to assume that the two-year period applied.[10]

It is therefore ordered that the defendants' motions to dismiss Counts IV, V, and VI of the Second Amended Complaint be, and are hereby denied. The defendants are directed to answer the complaint within twenty days (20) after entry of this order.

9. Cf. Williams v. United States, 405 F.2d 234 (5th Cir. 1968), in which a minor plaintiff filed a claim for damages under the Federal Tort Claims Act for an accident that occurred in July, 1963. In 1967, the child's mother, who had been in the case as "next friend" of the child, sought for the first time to assert a claim for loss of services. The district court refused to permit the amendment. The court of appeals reversed, stating that the amendment should have been permitted, and when permitted, it related back, thereby avoiding the bar of the statute of limitations. The court noted that there could be no prejudice to the government since it had notice of the "operational facts" which were the basis for both the child's and mother's claims. Further, since under local law, liability to the child would have given rise to liability to the parent, the mother's claim was foreseeable.

10. It is interesting to note that the result obtained here would be consistent with the result reached in state court had the action been pursued there. See Ill.Rev. Stat., Ch. 110, Section 46.