Mary D. SHIPLEY, Plaintiff,

v.

ATLANTIC GREYHOUND CORPORA-
TION, a Virginia Corporation, and the
Union News Company, a New York
Corporation, Defendants.

Civ. No. 920.

United States District Court
S. D. West Virginia,
at Huntington.

July 28, 1958.

George L. Ballard and G. Berk Lynch,
Beckley, W. Va., for plaintiff.

John E. Jenkins, Jr., Huntington, W.
Va., for defendants.

HARRY E. WATKINS, District
Judge.

Plaintiff, a West Virginia citizen, al-
leges that on February 26, 1957, while a
passenger on a bus owned and operated
by defendant Atlantic Greyhound Corpo-
ration, a Virginia corporation, she en-
tered as an invitee during a rest stop the
bus terminal maintained in Huntington,
West Virginia, by Greyhound, and was
served food and drink in a restaurant in
part of the building. She avers that the
restaurant premises were owned by
Greyhound and leased to the defendant
the Union News Company, a New York
corporation, and that Union News was
operating the restaurant for the mutual
benefit of the two defendants. Upon
arising from the table where she had
been served, plaintiff alleges that she fell
due to an extremely slippery floor. She
brings this action seeking damages, in
excess of $3,000, for personal injuries
sustained as a result of the fall. The
complaint is in three counts, two predi-
cated upon negligence of both defend-
ants, and one count alleges the mainte-
nance of a nuisance by both defendants.

Greyhound has made a motion to dis-
miss, urging that the complaint fails to
state a cause of action against it, on the
ground that the complaint shows on its
face that the condition of the premises
which caused plaintiff's fall was tempo-
rary in nature, so that Greyhound as
owner-lessor is not legally responsible
for the existence of such a condition.

■ Plaintiff and Greyhound in their
briefs agree upon the general principle
of landlord and tenant law that in cases
of injury to a third party, an owner-
lessor is not liable for a nuisance or
dangerous condition of the property

unless such condition existed at the time of the leasing of the premises. 32 Am. Jur., Landlord and Tenant § 822, p. 699; 52 C.J.S. Landlord and Tenant §§ 424, 431; 11 Michie's Jurisprudence 702. The dispute between these parties is whether the dangerous condition or nuisance set forth in the complaint here is of a temporary nature or is inherent in the property.

In the first count, plaintiff alleges that she "stepped upon an extremely and unusually slippery portion of, or spot on, the floor * * *." Plaintiff might very well prove, under this allegation, that the floor was so constructed that there was an "unusually slippery portion" at the exact spot where plaintiff fell, and that this defect existed at the time Union News leased the property. In the second count, it is alleged that there was some foreign animal or vegetable substance on the floor, and plaintiff in her brief admits that this is temporary in nature. Count three alleges a nuisance by reason of a highly polished and slippery floor. Contrary to the inferences that Greyhound draw from that allegation, it appears to me that so far as the pleadings are concerned, this might well have been a permanent quality of the floor.

Greyhound's motion and brief overlook the allegation in each count that the restaurant was operated "for the mutual benefit of said *defendants*." The complaint indicates that the restaurant constituted only a part, but an integral part, of Greyhound's Huntington business depot and station, with the restaurant facilities provided for the use of passengers of Greyhound. Plaintiff takes the position, under this allegation, that in addition to the two defendants being in a lessor-lessee relationship, Union News was also the agent of Greyhound in the operation of the restaurant.

In considering a motion to dismiss, the allegations of the complaint must be viewed in a light most favorable to the plaintiff, and all facts well pleaded must be accepted as true. Lewis v. Quality Coal Corporation, 7 Cir., 243

F.2d 769, certiorari denied 355 U.S. 882, 78 S.Ct. 149, 2 L.Ed.2d 113. A complaint should not be dismissed unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Seymour v. Union News Company, 7 Cir., 217 F.2d 168. Granting to plaintiff the liberal interpretation of her pleadings to which she is thus entitled, it is the ruling of this Court that this complaint does state a cause of action upon which relief can be granted against Greyhound. Accordingly, defendant Greyhound's motion to dismiss will be denied.