Edwin L. Reel and Edward L. Parks d/b/a Freeport Motor Sales Co., and Emma Stukenberg, Plaintiffs-Appellants, v. City of Freeport, Illinois, Capron Hunter, et al., and Montgomery Ward & Co., a Corporation, Defendants-Appellees.

Gen. No. 64–106.

Second District.

August 4, 1965.

Knight, Ingrassia & Schirger, and Charles H. Davis, all of Rockford (B. Jay Knight and Charles H. Davis, of counsel), for appellants.

Robert J. Schmelzle, Corporation Counsel, and Richard F. Eckert, City Attorney, of Freeport (Robert J. Schmelzle, of counsel), for certain defendants-appellees.

MR. JUSTICE PETERSEN delivered the opinion of the court.

This is an action brought to enjoin the defendants, City of Freeport, Illinois, the members of its "City Off-Street Parking Commission," and Montgomery Ward & Co., from attempting to condemn or purchase properties of the plaintiffs for parking purposes within said City; and to restrain the City of Freeport from selling an adjoining parking area, now owned by it, to the defendant, Montgomery Ward & Co.

The defendants filed motions to dismiss the amended complaint. Upon hearing, the court granted said motions, entered an order dismissing the amended complaint as insufficient in law, and entered judgment on all issues.

It is the plaintiffs' theory of the case that the motions to dismiss the amended complaint admitted all facts well pleaded; that injunction is the proper remedy of a landowner to restrain a municipality from wrongfully appropriating private property, or to restrain an abuse of discretion or authority by it; that a rightful appropriation of private property by a public corporation must embrace: the payment of just compensation, and the taking must be for a public, and not for a private use; that the final determination, of whether a use or purpose is public or private, is for the courts; and that the court erred in dismissing the plaintiffs' amended complaint without hearing the case on its merit.

■ Defendants-appellees, being all defendants except Montgomery Ward & Co. contend that there is not even a suggestion in the amended complaint that the defendants have appropriated, or attempted to appropriate the actual physical possession of the property of the plaintiffs, or any part thereof; and that the plaintiffs seek to enjoin the condemnation of their property only and do not seek to enjoin the parking

project insofar as it involves the property of others. Since the motion to dismiss the amended complaint admitted all facts well pleaded (Acorn Auto Driving School, Inc. v. Board of Education, 27 Ill2d 93, 96, 187 NE2d 722 (1963); Merriam v. McConnell, 31 Ill App2d 241, 243, 175 NE2d 293 (1st Dist 1961)), we must look to said complaint to determine whether it stated a cause of action.

The amended complaint was filed by the plaintiffs, Edwin L. Reel and Edward L. Parks doing business as Freeport Motor Sales Co. and by Emma Stukenberg. Therein it was alleged that Reel and Parks were owners of certain real estate in the City of Freeport, upon which a two-story brick, steel and concrete building was located, the reproduction cost of which was at least $200,000, which presently was, and for many years had been, used to house the business of Freeport Motor Sales Co.; and that the plaintiff, Emma Stukenberg owned certain real estate in the City of Freeport upon which brick buildings were located which were rented to various businesses and individuals for rentals up to $315 per month, until the time of the City's proposal to cause her real estate to be made into a parking lot.

Without detailing the specific allegations in the amended complaint, it does in substance allege ownership in Appellants; that the City of Freeport, through its officers and representatives conspired with Montgomery Ward & Co. to sell the existing city parking lot to Montgomery Ward & Co.; and that the City of Freeport would condemn Appellants' property directly across the street for a new parking lot. And the prayer of relief of the Appellants' complaint prayed that the City and the remaining defendants be enjoined and restrained from in anywise attempting to condemn or purchase the property of the plaintiffs for parking purposes, or for any other purpose; that said City be

451

further enjoined and restrained from selling said parking area now owned by it, which at the present time is being used for parking purposes, and the defendant, Montgomery Ward & Co., be enjoined and restrained from purchasing said premises; and that the plaintiffs may have such other and further relief as equity may require.

Exhibit Two of the complaint was a Resolution adopted by the City of Freeport on August 19, 1963, which recited that its central business district was threatened with economic blight due to lack of convenient parking facilities, which conditions threatened the revenues of the existing off-street parking program; and that additional parking facilities would tend to stabilize and revitalize the economic welfare of the central business district. This resolution further stated that Montgomery Ward & Co., has committed itself in writing, to the erection and operation of a large retail store in the central business district if additional parking facilities are provided by the City.

After such recitation, it was resolved by the City Council that additional off-street parking, financed by revenue bonds, should be provided by the acquisition of an entire city block, which included plaintiffs' property. This resolution directed the Parking Commission to obtain options for the land in question, or to condemn it, if necessary. It also provided for the sale of the present off-street parking lot, adjacent to plaintiffs' property.

Exhibit Three of the complaint was a further Resolution of the City Council adopted April 16, 1964. It recited the adoption of the prior resolution; that Montgomery Ward & Co. had issued its letter of intent to construct a large retail store on a block adjoining Block 63 (the block wherein plaintiffs' property was located) but that it is not bound by such letter, and

452

any extension of parking facilities should be without reference thereto. This resolution recited the cost of acquiring the premises under consideration, razing the building thereon and constructing the parking facilities would not exceed $480,000 and the interest rate in connection with borrowing said sum would not exceed 4 per cent. It further recited that the additional off-street parking program had been approved by the City's Plan Commission. The resolution approved the program, the acquisition of the property by purchase or condemnation, the sale of the off-street parking lot adjoining plaintiffs' property, the use of the proceeds from such sale for the acquisition of additional facilities, and confirmed the resolution of August 19, 1963.

In view of these allegations, reference should be made to the Illinois law pertaining to conspiracy. The essence of the offense of conspiracy is the unlawful combination or agreement to do the unlawful act or to perform a lawful act in an unlawful way. Thus a common design or agreement of the parties is required. The agreement need not be written but may be an oral undertaking or a scheme evidenced by acts of the parties. When a conspiracy has once been entered into, each conspirator becomes liable for all the acts of his co-conspirators done in furtherance of the objects of the conspiracy. (Franklin Union No. 4 v. People, 220 Ill 355, 77 NE 176 (1906), at pages 376 and 377.)

Thus, the question before us is whether this complaint properly alleged an unlawful plan, scheme or conspiracy by and between the defendants, pursuant to which the defendant City would, in an abuse of its discretion, offer for sale its existing parking lot adjacent to plaintiffs' property, which defendant, Montgomery Ward & Co., would purchase for the purpose of building a retail store thereon, and the proceeds

453

of such sale, along with the funds derived from the sale of revenue bonds by the defendant City, would be used through the defendants, members of the Parking Commission, to acquire plaintiffs' property for the purpose of maintaining additional parking facilities thereon.

The complaint should contain material allegations of ultimate facts. Cunningham v. City of Sullivan, 15 Ill App2d 561, 566, 147 NE2d 200 (3rd Dist 1958). The plaintiffs are not, however, required to plead their evidence. Burns v. Epstein, 413 Ill 476, 481, 109 NE2d 774 (1953). The plaintiffs have alleged adequate facts to assert a conspiracy to wrongfully appropriate private property to a public use. Such cause of action, under the circumstances, should not be dismissed. Rather, the defendants should be required to answer the complaint and the case should be tried on its merits. At this state of the litigation, the plaintiffs have not been called upon to prove their allegations, and those facts well pleaded, must be admitted as true.

The defendants-appellees urge that injunction is not a substitute for eminent domain. We agree. However, we believe that injunction is a proper remedy of a landowner when an unlawful appropriation of land is attempted for use by a public corporation. A rightful appropriation of private property must embrace the payment of just compensation and the taking must be for a public use. Poole v. City of Kankakee, 406 Ill 521, 526, 94 NE2d 416 (1950); Limits Industrial R. Co. v. American Spiral Pipe Works, 321 Ill 101, 105, 106, 151 NE 567 (1926).

In the case at bar, the allegations of the amended complaint set forth facts indicating that the land in question was not being taken for a public use. It was alleged that the defendant City conspired with the

other defendants to sell to the defendant, Montgomery Ward & Co., the existing parking lot for a private use and to thereafter take plaintiffs' property to replace such parking facility for a purported public use; and that absent the sale of the existing parking lot, the area already has adequate parking facilities.

If such allegations are true, the City is guilty of an abuse of its discretion and the court had authority to enjoin the proposed eminent domain proceedings. Davis v. City of Chicago, 333 Ill 422, 164 NE 673 (1929); Springer v. City of Chicago, 308 Ill 356, 139 NE 414 (1923); Roosevelt Hotel Bldg. Co. v. City of Cleveland, 25 Ohio App 53, 155 NE 233; Sargent v. Cincinnati, 110 Ohio St 444, 144 NE 132.

██ ██ The final determination of whether a use or purpose is within the limits of legislative discretion is a judicial function; thus it is for the courts to decide whether a given use is a public use. Limits Industrial R. Co. v. American Spiral Pipe Works, supra, 106.

In Poole v. City of Kankakee, 406 Ill 521, at page 526, 94 NE2d 416, the court stated:

"Under the constitution, property cannot be condemned for a private purpose. The determination of what is for the public good and what are public purposes are questions decided in the first instance by the legislature, which is vested with broad discretion in its determination. (Cremer v. Peoria Housing Authority, 399 Ill 579; People v. Chicago Transit Authority, 392 Ill 77.) However, since the constitution of this State is not a grant of power to the General Assembly but a limitation on its power, all legislative power is vested in the General Assembly, subject to the restrictions contained in the constitution. The final determination of whether a use or purpose

455

is within the limits of the legislative discretion is a judicial function, thus it is for the courts to decide whether a given use is a public use."

At page 532, the court further stated:

"In such cases courts may only rightfully determine whether a petitioner has the power to exercise the right of eminent domain, whether the property is subject to the right of eminent domain and is being taken for a public use, whether the power is being abused, as by the taking of an excessive amount of property, and other kindred questions which do not involve a determination of the necessity or the expediency of the taking of lands sought to be condemned."

We conclude that the amended complaint adequately sets forth a cause of action and that the trial court erred in dismissing said complaint and in entering judgment for the defendants. This judgment is reversed and the case is remanded to the trial court for trial on its merits after appropriate answer is filed to said complaint.

Judgment reversed and remanded with directions.

ABRAHAMSON, P. J. and MORAN, J., concur.