Donald Doerr, Margaret Doerr, and Linda Sue Doerr, a Minor, by Her Father and Next Friend, Donald Doerr, Plaintiffs-Appellants, v. Gustavo Villate, Defendant-Appellee.

Gen. No. 65–130.

Second District.

September 1, 1966.

Supplemental opinion November 10, 1966.

Rehearing denied November 10, 1966.

ABRAHAMSON, J., dissenting.

Gomberg & Missner, of Chicago, for appellants.

Lord, Bissell & Brook, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by Margaret Doerr, plaintiff, from the order of the trial court dismissing Count I of her second amended complaint (herein called the complaint) against the defendant, Gustavo Villate, a physician and surgeon, because it was barred by the two-year provision of the statute of limitations.

In the complaint the plaintiff alleged that she was married, and prior to 1959 had given birth to two children, both of whom were retarded; that in 1959, she and her husband contacted the defendant and made known to him that the plaintiff wanted to be free from any further conception and childbearing; that the defendant entered into an oral contract with her, whereby he agreed to operate on and sterilize her husband; and that the defendant assured and warranted to the plaintiff that the operation would render her husband incapable of procreation as the result of her sexual relations with him.

The complaint further alleged that the operation was performed; that, relying upon the assurances and warranties of the defendant, the plaintiff and her husband resumed sexual relations and as a result, a child was born who was both retarded and physically deformed; that the defendant did not perform the operation properly, as warranted, and did not use proper care and skill therein and thereby was guilty of a breach of warranty and contract; and that as a result of such breach, she became liable for, and will continue to be liable for medical

expenses and for other special care and attention necessary for the child thus born.

This action was commenced more than two but less than five years after the performance of the operation. The plaintiff contends that her claim is for property damages resulting from a breach of an oral contract; that the action is governed by section 15 of the statute of limitations; and that it is not barred for a period of five years. (Ill Rev Stats 1965, c 83, par 16.) The defendant contends that the trial court properly dismissed the complaint in that it alleged a cause of action arising from injuries to the person, which action is governed by section 14 and barred after two years from the date of its accrual. (Ill Rev Stats 1965, c 83, par 15.)

In Handtoffski v. Chicago Consol. Traction Co., 274 Ill 282, 285, 113 NE 620 (1916) the court stated that the applicability of a particular section of the statute of limitations depends on the express provision of the statute which fixes the limitation and not on the form of the particular action. In the sections of the statute under consideration, the limitations are based on the particular injury sued for or upon the obligation out of which the action grows. An action for personal injuries, whether based upon a contract or tort theory, is governed by the specific provisions of section 14 relating to personal injuries rather than the more general provisions of section 15. Handtoffski v. Chicago Consol. Traction Co., supra, 286; Jansen v. Illinois Municipal Retirement Fund, 58 Ill App2d 97, 105, 106, 206 NE2d 249 (4th Dist 1965); Seymour v. Union News Co., 349 Ill App 197, 200, 201, 110 NE2d 475 (1st Dist 1953); 25 ILP Limitations, § 32.

The same transaction, however, may give rise to an action ex delicto or ex contractu, as the pleader may choose. One transaction may result in personal injuries to one and property damage to another. The same transaction may impose both contractual and noncontractual duties on the various persons involved, and actions arising

335

by virtue of medical malpractice are on no different footing than other types of action. Zostautas v. St. Anthony De Padua Hospital, 23 Ill2d 326, 329, 178 NE2d 303 (1961).

In Zostautas, the court stated at pages 328 and 329:

"In the development of the law the relationship of physician and patient has given rise to actions of a hybrid nature (70 CJS 981; Giambozi v. Peters, (1940) 127 Conn 380, 16 A2d 833; Barnhoff v. Aldridge, (1931) 327 Mo 767, 38 SW2d 1029), sounding in tort or in contract (74 ALR 1256; 151 ALR 1027; 1953 Wash ULQ 413, 416), and both theories are often advanced in alternative counts, as in the instant case. Conklin v. Draper, 241 NYS 529, affd 254 NY 620, 173 NE 892 (1930); Stewart v. Rudner, 349 Mich 459, 84 NW2d 816 (1957); Hickey v. Slattery, 103 Conn 716, 131 Atl 558 (1926).

"Although these actions of malpractice and breach of contract may arise out of the same transaction, they are distinct as to theory, proof and damages. (McQuaid v. Michou, 85 NH 299, 157 Atl 881 (1932); Colvin v. Smith, 92 NYS2d 794 (1949); Robins v. Finestone, 308 NY 843, 127 NE2d 330 (1955).) Actions in contract may be based upon an express promise by the physician, such as to perform a Caesarean section (Stewart v. Rudner), or to cure plaintiff of syphilis (Giambozi v. Peters), or to cure an illness within a specified time (Robins v. Finestone); or may be based upon the implied obligation arising out of defendant's employment as a physician to use proper skill and care (Hickey v. Slattery), or to furnish proper medical aid. (Conklin v. Draper.) In such actions liability is predicated on the failure to perform an agreed undertaking rather than upon negligence, and the damages are restricted to the payments made, the expenditure for nurses and medicines, or 'other damages that flow from the breach

thereof' (Conklin v. Draper), and do not include the patient's pain and suffering as in malpractice actions (Robins v. Finestone)."

■ The fact that the action is a "malpractice" action is insignificant, except for the fact that in such case the plaintiff is generally suing for damages resulting from injuries to his physical person. However, the applicability of sections 14 or 15 of the statute of limitations is determined by the nature of the injury resulting to the plaintiff.

■ In the case at bar there was no doctor-patient relationship between the plaintiff and defendant with reference to the operation in question. The plaintiff was neither treated nor injured by the defendant. The operation was not performed on her, although the complaint stated that it was performed as a result of an oral agreement between the plaintiff and the defendant. The complaint does not allege, and the plaintiff does not seek damages for any personal injury to her resulting from the operation, but rather she seeks damages for injury to her property. The damages sought were for defendant's breach of contract to produce an expressly promised and warranted result in the physical condition of plaintiff's husband and for breach of defendant's implied warranty to perform the promised services in a skilful manner, and for other damages attendant to such breach. Damages were not sought for the pain and suffering which plaintiff's husband experienced, as in malpractice actions.

■ Section 14 of the statute of limitations and its two-year bar does not apply to every action involving personal injuries, but rather to those where the plaintiff is suing for direct physical or mental injuries. Seymour v. Union News Co., 349 Ill App 197, 201, 110 NE2d 475 (1st Dist 1953) ; Menolascino v. Superior Felt & Bedding Co., 313 Ill App 557, 569, 40 NE2d 813 (1st Dist 1942) ; Roth v. Lundin, et al., 237 Ill App 456, 458 (1st Dist

1925); Bassett v. Bassett, 20 Ill App 543, 548 (4th Dist 1886).

Defendant's reliance on Zostautas v. St. Anthony De Padua Hospital, supra, is misplaced. The court, at page 333, expressly recognized that the same alleged malpractice may give rise to an action for breach of contract against a physician which is separate and distinct from an action for negligence in its basis of liability and rule of damages.

The plaintiff here was not suing for personal injuries suffered by her as a result of the transaction complained of and it was improper to dismiss her complaint as being barred by the two-year provisions of the statute of limitations. The complaint alleged the breach of an oral contract in failing to sterilize plaintiff's husband as expressly promised and in failing to use proper care and skill as impliedly warranted. The allegations of the complaint were sufficient to render the five-year limitation applicable.

■■ The motion to dismiss the complaint admitted all facts well pleaded. Reel v. City of Freeport, 61 Ill App 2d 448, 451, 209 NE2d 675 (2nd Dist 1965). Consequently, under our view of the law, the complaint stated a cause of action. Accordingly, the cause is reversed and remanded with directions to reinstate the complaint and proceed in a manner not inconsistent with the views expressed herein.

Reversed and remanded.

MORAN, P. J., concurs.

ABRAHAMSON, J., dissenting.

SUPPLEMENT TO OPINION ON DENIAL OF PETITION FOR REHEARING

In the Petition for Rehearing, the defendant is critical of the language of our opinion which states: "Section 14

338

of the Statute of Limitations and its two year bar does not apply to every action involving personal injuries, but rather to those where the plaintiff is suing for direct physical or mental injuries." And, the defendant also urges that the cases cited in support of this statement do not so hold.

The defendant contends that when any cause of action is related to, or arises as a consequence of personal injuries—even though to a person other than the plaintiff—the two-year limitation of section 14 must apply. This is not so, and the defendant has misconstrued the following cases:

> In Bassett v. Bassett, 20 Ill App 543 (1886)—an action by a wife against her father-in-law, who wrongfully caused her husband to desert her—at page 548, the court stated:

> "The cause of action for an injury to the person which is barred in two years is limited to a direct physical injury to the person. If it were intended to include all injuries to personal and relative rights, the legislature would not have considered it necessary in the same act to provide specially for a period of time in which an action should be brought for many of the injuries to such rights. Thus actions to recover damages for slander and libel, false imprisonment, malicious prosecution, abduction, seduction and criminal conversation, are expressly provided for, showing the clear intent of the legislature to limit 'injuries to the person' to those of a physical nature. This case is one of those not specially provided for, and would therefore seem to be governed by the fifteenth section of the act making five years the limitation."

In Roth v. Lundin, 237 Ill App 456 (1925), plaintiff's wife was injured in a collision between plaintiff's car—driven by his minor son while plaintiff and his wife and

daughter were in the car—and the jointly owned car of the defendants. Plaintiff sued for the cost of repairing his car and for the services of a physician in the treatment of his wife for the personal injuries sustained. Defendants set up the two-year statute of limitations as a defense to the physician's services. Plaintiff contended "(1) that, inasmuch as plaintiff is not suing for an injury to his own person but for damages occasioned to him by reason of his marital relationship to the injured party, the time limited for the commencement of his action is governed by section 15 of said Act rather than by section 14; and (2) that, even though the two year limitation be applicable, the action was commenced in time." At page 459 in Roth, the court held:

"We, however, hold that the time for the commencement of plaintiff's action for the recovery of all damages as enumerated in his statement of claim should be governed by section 15 of said Limitations Act and not by section 14; and that, even if it be considered that section 14 is applicable to the portion of his claim for the payment of said physician's bill, his action for the recovery of the amount of said bill as damages was commenced in time."

In Menolascino v. Superior Felt & Bedding Co., 313 Ill App 557, 40 NE2d 813 (1942), at page 569, the court held that the determination of which statute of limitations applies in a given case depends on whether plaintiff's claim is for personal injuries or for property damage suffered by him; and that the cause of the injury—negligence or nuisance—bears no relation to this determination.

In Seymour v. Union News Co., 349 Ill App 197, 110 NE2d 475 (1953), the plaintiff sued for damages resulting from direct personal injury to himself. Suit was not brought within two years and the complaint was dismissed on motion. Plaintiff insisted that he was suing

only for injury to his property and not for injury to his person in that his amended complaint was not based on damages for pain and suffering, but rather for loss of earnings and moneys expended for medical treatment. The court affirmed the judgment against the plaintiff and held that the two year limitation applied to damages which arose directly or indirectly as a result of injury to the person of the plaintiff. At page 201, the court distinguished Roth and Bassett stating:

> "In Roth v. Lundin, 237 Ill App 456, the court applied the five year limitation where a husband sued for medical expenses incurred by reason of his wife's injuries. The court concluded that the action of the husband was not based on a direct injury to his person. In Bassett v. Bassett, 20 Ill App 543, a suit by a wife against her husband's father for maliciously enticing her husband to separate from her, the court held that the action was not for damages for injury to the person of the plaintiff and that it came within the five year limitation. The suit involved no injury to the person of the plaintiff."

The rationale of the foregoing cases sustain our original opinion and our determination that the allegations of the complaint were sufficient to render the five year limitation of section 15 applicable. Consequently, we adhere to the opinion as originally adopted and the petition for rehearing is denied.

Reversed and remanded.