**PAINEWEBBER,
INCORPORATED, Plaintiff,**

v.

**Florian B. RAS, Joseph Marren, Thomas
Thermos, Louis Thermos, and
Robert "Mickey" Mullen, Defendants.**

No. 89 C 8988.

United States District Court,
N.D. Illinois, E.D.

July 19, 1991.

Michael B. Roche, Lawrence Andrew Brehm, Marshall Lee Blankenship, Schuyler, Roche & Zwirner, Chicago, Ill., for plaintiff.

Bernard B. Nathan, Robert J. Munaretto, Chicago, Ill., Joseph Michael Fitzsimmons, Matthew Thomas Caruso, Fitzsimmons & Bowen, Oak Brook, Ill., for defendants.

Robert Mullen, pro se.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Plaintiff, PaineWebber Incorporated, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff seeks summary judgment based on collateral estoppel. For the following reasons, plaintiff's motion is granted in part, and denied in part.

Plaintiff's complaint against defendants Florian Ras, Thomas Thermos and Robert "Mickey" Mullen alleges that each defendant has been convicted of criminal charges arising from participation in a criminal conspiracy: (a) to steal securities owned by the estates of various decedents; (b) to cause those securities to be sold through securities brokerage firms by means of fraudulent representations; and (c) to obtain cash in an amount equal to the value of the stolen stock by forging the signatures of the decedents on brokerage firm checks, made payable to the decedents, that represented the proceeds of the sale of the stolen stock. See *United States v. Ras*, 713 F.2d 311 (7th Cir.1983). Plaintiff alleges that the criminal conspiracy deprived the Estate of John Krasa of the value of its stock. The Estate brought an action against plaintiff in the Circuit Court of Cook County, Illinois, which was settled for $60,000. Plaintiff argues that defendants are the direct and proximate cause of the *Matter of Krasa* settlement and, therefore, plaintiff is entitled to recover from each defendant, jointly and severally, the amount of $60,000.

Plaintiff's motion for summary judgment alleges that, by virtue of their criminal convictions, Ras, Thermos and Mullen are collaterally estopped from asserting that they were not participants in a criminal and fraudulent scheme to defraud plaintiff into selling the stolen Krasa stock through plaintiff's facilities. *Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank and Trust Company*, 858 F.2d 1264, (7th Cir.1988). In its motion, plaintiff requests summary judgment in its favor in the amount of $60,000 and that defendants be held jointly and severally liable for the judgment.

A motion for summary judgment should be granted:

[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FRCP 56(c). Plaintiff, as movant, bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, in ruling on this motion, the court will draw all reasonable inferences from the facts in the light most favorable to defendants. *Hermes v. Hein*, 742 F.2d 350, 353 (7th Cir.1984). To determine whether a motion for summary judgment should be granted, "the court may only consider evidence and statements that would be admissable at trial and that have probative force." *Colan v. Cutler–Hammer, Inc.*, 812 F.2d 357, 365 (7th Cir.1987). See also FRCP 56(e).

A motion for summary judgment may be utilized to invoke the doctrine of

collateral estoppel. *Crutsinger v. Hess,* 408 F.Supp. 548, 555 (D.Kan.1976). To determine the effect collateral estoppel has in this action, Illinois choice of law rules govern. *Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank and Trust Company,* 858 F.2d 1264, 1271 (7th Cir.1988). Under Illinois law, "the collateral estoppel or res judicata effect of a judgment is determined by the law of the jurisdiction where the judgment was rendered." *Id.,* at 1271. *Nathan v. Tenna Corp.,* 560 F.2d 761, 763 (7th Cir.1977). Defendants in this case were convicted of criminal charges in the United States District Court for the Northern District of Illinois. *United States v. Ras,* 713 F.2d 311 (7th Cir.1983). Accordingly, federal law determines the collateral estoppel effect criminal convictions may have upon the civil action at bar.

The Seventh Circuit defines the requirements necessary for the application of collateral estoppel:

> In general, collateral estoppel precludes relitigation of issues in a subsequent proceeding when: (1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical.

*Appley v. West,* 832 F.2d 1021, 1025 (7th Cir.1987) quoting *Gildorn Savings Association v. Commerce Savings Association,* 804 F.2d 390, 392–393 (7th Cir.1986). The court should also consider whether the issue was fairly litigated in the previous action. "The policy underlying the doctrine is that 'one fair opportunity to litigate an issue is enough.'" *Gildorn Savings Association v. Commerce Savings Association,* 804 F.2d 390, 392–393 (7th Cir.1986), quoting *Bowen v. United States,* 570 F.2d 1311, 1322 (7th Cir.1978).

The Seventh Circuit has held that "the party asserting estoppel has the burden of establishing which issues were actually determined in his favor in the prior action." *Appley v. West,* 832 F.2d 1021, 1025 (7th Cir.1987). Further:

If a court does not make specific findings, the party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Necessary inferences from the judgment, pleadings and evidence will be given preclusive effect. If there is doubt, however, collateral estoppel will not be applied. If the decision could have been rationally grounded upon an issue other than that which the defendant seeks to foreclose from consideration, collateral estoppel does not preclude relitigation of the asserted issue. *Davis and Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985).

■ This court may grant the motion for summary judgment if, "with respect to the evidentiary matters conclusively established by a valid plea of collateral estoppel, the court finds that no genuine issue of material fact remains to be determined and that the moving party is entitled to judgment as a matter of law." *Crutsinger v. Hess,* 408 F.Supp. 548, 555 (D.Kan.1976). See FRCP 56(c). The basis of plaintiff's claim in this case is fraudulent misrepresentation. In Illinois, the elements of fraudulent misrepresentation are: (1) a false statement of material fact; (2) by a party who knows or believes it to be false; (3) with the intent to induce another to act; (4) action by another in reliance on the statement's truth; and (5) injury to the other resulting from that reliance. Additionally, the injured party must have been justified in relying on the other's statement. *Teamsters Local 282 Pension Trust Fund v. Angelos,* 839 F.2d 366, 370 (7th Cir.1988). "Under Illinois law, one essential element of fraud is justifiable reliance on the alleged fraudulent statements. Justifiable reliance must be shown by clear and convincing evidence." *Teamsters,* 839 F.2d at 370. To be entitled to summary judgment, plaintiff must prove that these issues were actually litigated and determined in the previous criminal case. *Appley v. West,* 832 F.2d 1021, 1025 (7th Cir.1987).

In the case at bar, it is possible that each defendant may be collaterally estopped

from relitigating issues already decided in *United States v. Ras.* A conviction at trial may be conclusive evidence for purposes of collateral estoppel. "In this circuit issues actually litigated for purposes of a criminal conviction conclusively establish those issues for later federal civil litigation." *Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank and Trust Company,* 858 F.2d 1264, 1271 (7th Cir.1988). Therefore, issues determined in the trial of *United States v. Ras* may be conclusively established for this civil case.

■ Thermos, Ras and Mullen were defendants and each was convicted after a jury trial in *United States v. Ras.* The issues raised in that case were litigated and decided on the merits. See *United States v. Ras,* 713 F.2d 311 (7th Cir.1983). Therefore, the first two criteria of collateral estoppel have been satisfied.

In order to determine whether the last two criteria are established, a more detailed examination of what plaintiff must prove to prevail on its fraudulent misrepresentation claim is necessary. Thermos, Ras and Mullen were convicted of participating in a single criminal conspiracy with a common criminal objective—the conversion of stolen stocks and bonds into cash—and those convictions were affirmed on appeal. *United States v. Ras,* 713 F.2d 311, 314 (7th Cir.1983). As members of a single ongoing conspiracy, each defendant was criminally liable for the acts of his co-conspirators. See *United States v. Ras,* 713 F.2d at 314. This is also true in a civil conspiracy. "When a conspiracy has once been entered into, each conspirator becomes liable for all the acts of his co-conspirators done in furtherance of the objects of the conspiracy." *Reel v. City of Freeport,* 209 N.E.2d 675, 677, 61 Ill.App.2d 448. The offenses of which defendants were convicted required the determination that defendants made a false statement of fact, knowing it to be false, with the intent to induce PaineWebber to act.

Although they were not specifically convicted of fraudulent misrepresentation, defendants may nevertheless be collaterally estopped. "Collateral estoppel may be applied when 'the legal theories vary between the two actions, but the first necessarily involves the litigation and determination of a matter raised again in a subsequent case.'" *O'Neill v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 654 F.Supp. 347, 351 (N.D.Ill.1987), quoting *Davis v. Chevy Chase Financial Ltd.,* 667 F.2d 160, 172 (D.C.Cir.1981). As the court in *Falconer v. Meehan,* 804 F.2d 72 (7th Cir.1986) stated, "Collateral estoppel is proper ... when facts giving rise to a later cause of action were adversely decided against the [party] in a prior action, even if in the prior action a different legal theory was argued ..." 804 F.2d at 76.

In affirming the judgments of conviction against defendants, the Seventh Circuit concluded the common criminal objective to be the conversion of stolen stocks and bonds into cash. See *United States v. Ras.* Ras, Thermos, and Mullen were convicted on Counts I, XII and XIII and Ras was also convicted on Count IX of the indictment. All of the convictions were affirmed on appeal. *United States v. Ras,* 713 F.2d 311, 313–314 (7th Cir.1983). Count I "charged all defendants with conspiracy to (1) steal securities from the custody of federal insured banks; (2) cause stolen and forged securities to be transported in interstate commerce; and (3) utter and publish forged U.S. Savings Bonds. Count I also charged that defendants had committed certain overt acts in furtherance of the conspiracy." *United States v. Ras,* 713 F.2d at 313. Count XII alleged the defendants to have caused 20 hundred-share certificates of Texaco common stock to be transported in interstate commerce "knowing the same to have been stolen, converted and taken by fraud; In violation of Title 18 USC, Sections 2314 and 2." Count XIII alleged in part that Thermos, Ras and Mullen caused five People's Energy Corporation certificates, bearing specified serial numbers, to be transported in interstate commerce in violation of 18 U.S.C. 2314 "knowing the same to have been stolen, converted and taken by fraud."

Defendants' convictions on Counts I, XII, and XIII therefore conclusively establish that Thermos knew that the Krasa stock was stolen. Because it is conclusively established that Thermos knew the stock was stolen, it is also conclusively established that Thermos knew his statement that Marren was Dr. Krasa was false. Finally, from the foregoing it is conclusively established that Thermos intended to cause plaintiff to act in reliance on that introduction.

■ Since each defendant is a member of the single conspiracy, each defendant is liable for every act committed in furtherance of that conspiracy. "Under Illinois law, parties to a conspiracy are joint tortfeasors; their liability is joint and several." *Hoffman–La Roche, Inc. v. Greenberg,* 447 F.2d 872, 874 (7th Cir.1971). Defendants had every incentive to fully and fairly litigate each issue resolved in the course of their criminal trial. Plaintiff has accordingly satisfied all the requirements of collateral estoppel as far as these three issues are concerned. Therefore, Thermos, Ras and Mullen are collaterally estopped from denying the existence of the first three elements of fraudulent misrepresentation.

■ However, collateral estoppel does not apply to the fourth and fifth elements of fraudulent misrepresentation. The criminal trial did not litigate the issues of whether plaintiff justifiably relied upon the truth of Thermos' statements, or whether the injury plaintiff suffered resulted from that reliance. Therefore, defendants are not collaterally estopped on these issues.

■ Plaintiff, to prove these elements of fraud, cites testimony, along with other evidence from the *Matter of Krasa* trial. This is not proper evidence for purposes of a motion for summary judgment. As stated previously, "generally, in ruling on a motion for summary judgment, only evidence that would be admissable at trial, as having probative force, may be considered." *First National Bank Co., Etc. v. Insurance Co.,* 606 F.2d 760 (7th Cir. 1979). Under the Federal Rules of Evidence, testimony adduced at the trial of the *Matter of Krasa* would not be admissible

in this action, and so it may not be considered for purposes of the motion for summary judgment at issue.

Testimony from the *Matter of Krasa* would be hearsay in a trial of this action. See FRE 801. "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." FRE 802. To be admissable then, the testimony from the *Matter of Krasa* must fall within an exception to the hearsay rule. The exception that is closest to applying states in part:

> Testimony given as a witness at another hearing of ... a different proceeding ... if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

FRE 804(b)(1). The testimony cited in support of the plaintiff's contentions does not fall within this exception because there was no opportunity for direct, cross or redirect examination on the part of any defendant.

Since this evidence would not be admissable at trial, it may not be used to support a motion for summary judgment. Elimination of this evidence offered by the plaintiff leaves nothing to support either the fourth or fifth elements for purposes of the motion for summary judgment.

Since the issues of justifiable reliance and injury resulting from reliance are not subject to collateral estoppel, there remain genuine issues of fact to be determined by a jury. For this reason, plaintiff's motion for summary judgment may not be granted in whole.

ORDERED: Plaintiff's motion for summary judgment is granted in part, and denied in part.

Summary judgment in favor of plaintiff is granted on the issues of: (1) Whether Thermos' introduction of Marren to plaintiff as Dr. Krasa was a false statement of material fact; (2) whether Thermos knew or believed it to be false; and (3) whether the statement was made with the intent to induce plaintiff to act on it.

Summary judgment is denied with respect to the issues of: (1) whether plaintiff justifiably relied on the statement's truth; and (2) whether plaintiff was injured as a result of that reliance.